UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

In re

Bankr. No. 15-30686

WILLIE D. LEWIS,                                                          Chapter 13

                Debtor.

_____/

WILLIE D. LEWIS,                                                         Civil Action No. 16-cv-00256

                Appellant,                            HON. BERNARD A. FRIEDMAN

vs.

INTERNAL REVENUE SERVICE,

                Appellee.

_____/

## OPINION AFFIRMING THE DECISION OF THE BANKRUPTCY COURT

This matter is presently before the Court on Willie D. Lewis' appeal of the

Bankruptcy Court's Memorandum Opinion and Order overruling the debtor's objection to the

Internal Revenue Service's proof of claim, entered in this Chapter 13 proceeding on March 30, 2016.

Both sides have filed their appellate briefs.  Pursuant to Fed. R. Bankr. P. 8019(b)(3), the Court shall

decide this appeal without a hearing.  For the following reasons, the Court shall affirm the decision

of the Bankruptcy Court.

### I.  Background

Willie D. Lewis, debtor and now appellant in this case, owned and operated a sole

proprietorship that installed water lines.  Appellee's Designated R., Docket Entry 4-1, Stip. Facts

¶ 1.  In 2004, appellant was employed by the City of Hayneville, Alabama (hereafter "the City") to

install water lines.  *Id.* ¶ 2.  Appellant was paid as he performed this work for the City.  *Id.* ¶ 3.  At

the end of 2004, the City sent appellant a 1099-MISC, which reported that it had paid appellant

$429,251.50 for his services.  *Id.* ¶ 5.  Appellant does not have any records from his bank, BancorpSouth, for tax period 2004 to document the income he received, nor does he have any records documenting any business expenditures he made during that same tax period.  *Id.* ¶ 6.

Appellant failed to file a timely federal income tax return for tax period 2004.  *Id.* ¶ 7.  The Internal Revenue Service ("IRS") then investigated appellant and determined that he owed the federal government income tax for that tax period.  *Id.* ¶ 8.  On June 23, 2009, the IRS sent appellant a notice of deficiency for tax period 2004.  *Id.*  Appellant did not petition the United States Tax Court regarding this deficiency.  *Id.* ¶ 9.  On November 30, 2009, a delegate of the Secretary of the Treasury assessed the income tax for tax period 2004, along with applicable penalties and interest.  *Id.*  On July 8, 2010, the IRS filed a notice of federal tax lien for tax period 2004 against appellant.  *Id.* ¶ 11.

On June 18, 2010, shortly before the IRS filed its notice of federal tax lien, appellant filed a Form 1040 Individual Income Tax Return for tax period 2004.  *Id.* ¶ 12.  However, this Form 1040 reported none of the income appellant received from the City, claimed no deductions related to his work for the City, and reported no income tax due.  *Id.*  After receiving this return, the IRS abated the income tax it had previously assessed against appellant for tax period 2004 and issued a signed Form 668(Z), Certificate of Release of Federal Tax Lien ("RFTL") on November 3, 2010.  *Id.* ¶ 14.  The RFTL stated:  "I certify that the following-named taxpayer, under the requirements of section 6325(a) of the Internal Revenue Code has satisfied the taxes listed below and all statutory additions.  Therefore, the lien provided by Code section 6321 for these taxes and additions has been released."  Appellant's Designated R., Docket Entry 3-1, Ex. A.  On November 15, 2010, the IRS issued appellant a refund of $3,907.59 due him for the 2004 tax period.  Appellee's Designated R.,

Docket Entry 4-1, Stip. Facts ¶ 16.  The RFTL was recorded on November 22, 2010, in the Probate

Office in Montgomery, Alabama.  *Id.* ¶ 15.

On March 31, 2011, the IRS began an examination of the Form 1040 that appellant

filed on June 18, 2010, for tax period 2004.  *Id.*, Docket Entry 4-8, Account Transcript at 3.  The IRS

determined that this Form 1040 omitted all of appellant's income and sent him a notice of deficiency

on January 5, 2012.  *Id.*, Docket Entry 4-1, Stipulated Facts ¶ 19.  That notice reflected a deficiency

of $160,413 in income tax, plus applicable penalties, including an accuracy-related penalty of

$32,082.60 imposed pursuant to 26 U.S.C. § 6662(a).  *Id.*  Appellant, again, did not petition the

United States Tax Court regarding this deficiency.  *Id.* ¶ 20.  On June 11, 2012, a delegate of the

Secretary of the Treasury assessed against appellant the tax determined by the IRS in its examination

of his Form 1040, plus applicable interest and penalties for tax period 2004.  *Id.*  On January 23,

2015, the IRS filed a notice of federal tax lien against appellant for tax period 2004, reflecting the

June 11, 2012, assessment.  *Id.* ¶ 21.

On March 18, 2015, appellant filed a voluntary Chapter 13 petition in the United

States Bankruptcy Court for the Middle District of Alabama.  The IRS filed a proof of claim and an

amended proof of claim on March 23, 2015, and May 28, 2015, respectively.  Appellee's Designated

R., Docket Entry 4-2, Amended Proof of Claim.  The amended claim stated that the IRS had a

secured claim against appellant in the amount of $425,411.67.  *Id.*  Appellant objected to the IRS's

claim on the grounds that the RFTL dated November 22, 2010, is conclusive proof that the tax

liability for tax period 2004 is extinguished.  An evidentiary hearing on the IRS's proof of claim was

held on March 14, 2016.  On March 30, 2016, the Bankruptcy Court overruled appellant's objections

to the IRS's amended proof of claim.  Appellant then initiated this appeal.

## II.  Standard of Review

"[T]he district court functions as an appellate court in reviewing bankruptcy decisions . . . ." *In re Piper Aircraft Corp.*, 362 F.3d 736, 738 (11th Cir. 2004).  "A bankruptcy court's conclusions of law are reviewed *de novo* while its findings of fact are reviewed under the clearly erroneous standard."  *In re Gunn*, 387 B.R. 856, 860 (M.D. Ala. 2008) (citing *Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1494 (11th Cir. 1997)).

## III.  Issue on Appeal

The parties have briefed the following issue:  "Whether the Certificate of Release of Federal Tax Lien has the effect of satisfying and releasing the tax liability for the tax year listed on the release."  Appellant's Br. at 2.[1]

## IV.  Law & Analysis

Appellant argues that the RFTL that he received in 2010 not only extinguished the lien, but also extinguished any and all tax liability stemming from tax period 2004.  He argues that "[a] plain and organic reading of 26 U.S.C. § 6321 and 26 U.S.C. § 6325 confirms that when a certificate of release is filed, the tax liability is satisfied and the lien filed to secure the payment of the taxes is extinguished."  Appellant's Br. at 7.

"The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute.  If the statute's meaning is plain and unambiguous, there is no need for further inquiry."  *United States v. Fisher*, 289 F.3d

---

[1]  The IRS has briefed two additional issues:  (1) "Did Appellant satisfy his burden to overcome the presumption that the IRS's proof of claim in his bankruptcy case is correct?" and (2) "Can a certificate of release of federal tax lien pose a bar to the IRS making a deficiency assessment?"  Appellee's Br. at 1.  The Court declines to address these issues as they are moot in light of the Court's ruling that releasing the lien did not satisfy and release the tax liability.

1329, 1337-38 (11th Cir. 2002) (internal quotation and citation omitted).  This is because "[t]he

plain language is presumed to express congressional intent and will control a court's interpretation."

*Id.* at 1338.  The Court "should not interpret a statute in a manner inconsistent with the plain

language of the statute, unless doing so would lead to an absurd result." *United States v. Silva*, 443

F.3d 795, 798 (11th Cir. 2006) (citing United States v. Weaver, 275 F.3d 1320, 1331 (11th Cir.

2001).

Under 26 U.S.C. § 6321, a tax liability becomes, after the taxpayer fails to pay the

demand, "a lien in favor of the United States upon all property and rights to property, whether real

or personal, belonging to such person." *Id.*  Such a lien can be released as follows:

> (a) RELEASE OF LIEN.  Subject to such regulations as the Secretary
> may prescribe, the Secretary shall issue a certificate of release of any
> lien imposed with respect to any internal revenue tax not later than 30
> days after the day on which –
>
> > (1) LIABILITY SATISFIED OR UNENFORCEABLE.
> > The Secretary finds that the liability for the amount assessed,
> > together with all interest in respect thereof, has been fully
> > satisfied or has become legally unenforceable; or . . .

*Id.* § 6325(a)(1).

Section 6325(f) addresses the effect of a RFTL, stating:

> (1) CONCLUSIVENESS . . . if a certificate is issued pursuant to this
> section by the Secretary and is filed in the same office as the notice
> of lien to which it relates . . . such certificate shall have the following
> effect:
>
> > (A) in the case of a certificate of release, such certificate shall
> > be conclusive that ***the lien*** *referred to in such certificate* ***is***
> > ***extinguished***[.]"

*Id.* § 6325(f)(1)(A) (emphasis added).

Section 6325(f) is clear and unambiguous:  a mere reading confirms that the RFTL

is conclusive that the lien referred to in the certificate is extinguished, not the underlying tax liability.  Although the statute is clear, appellant attempts to conflate sub-sections 6325(a) and (f), arguing that a RFTL would not have been issued had the liability not been fully satisfied.  Thus, according to appellant, because he received a RFTL, this "stands as proof that the tax liability was fully satisfied[.]"  Appellant's Br. at 9.

Appellant's circular argument ignores the plain text of § 6325(f).  Nothing in § 6325(a) has any bearing on the conclusive effect of a RFTL.  Section 6325(a) dictates that a RFTL must be issued within 30 days of the Secretary finding that the liability for the amount assessed has been fully satisfied – it does not speak to the effect of the RFTL.  Moreover, appellant's argument ignores that § 6325(a) is "[s]ubject to such regulations as the Secretary may prescribe[.]"  *Id*.  26 C.F.R. § 301.6325-1(a)(1), the regulation associated with § 6325(a), states:

> (a) Release of lien –
>
> (1) Liability satisfied or unenforceable.  The appropriate official shall issue a certificate of release for a filed notice of Federal tax lien, no later than 30 days after the date on which he finds that the entire tax liability listed in such notice of Federal tax lien . . .  has been fully satisfied . . . .  **In all cases, the liability for the payment of the tax continues until satisfaction of the tax in full . . . .**

*Id.* (emphasis added).  The emphasized sentence further supports the proposition that regardless of the issuance of a RFTL, a tax liability continues until paid in full.  This Court's interpretation of the statute is also consistent with the plain reading of the RFTL itself, which states "I certify that the following-named taxpayer, under the requirements of section 6325(a) of the Internal Revenue Code has satisfied the taxes listed below and all statutory additions.  *Therefore, the lien provided by Code section 6321 for these taxes and additions has been released.*"  Appellant's Designated R., Docket Entry 3-1, Ex. A (emphasis added).

This Court's plain reading of the statute is in line with the decisions of other courts

that have also concluded that a RFTL extinguishes only the tax lien, not any underlying tax liability.

In *Boyer v. Comm'r of Internal Revenue*, 86 T.C.M. (CCH) 615 (T.C. 2003) (2003 WL 22725293),

for example, the Tax Court squarely addressed whether a RFTL has the effect of extinguishing both

the tax lien and the underlying tax liability.  In that case, the Boyers filed an untimely joint federal

income tax return, which resulted in the IRS assessing income tax and filing a notice of federal tax

lien.  *Id.* at *1.  Years later, the IRS inadvertently issued the Boyers a RFTL, though their underlying

tax liability was not fully satisfied.  *Id.*  When the IRS sent the Boyers a Notice of Intent to Levy,

the Boyers argued that their RFTL stood as proof that there was no longer any underlying tax

liability because the RFTL stated "the requirements of section 6325(a) . . . have been satisfied for

the taxes."  *Id.* at *2.  The Tax Court disagreed, holding "[i]t is well settled that although a certificate

of tax lien release is conclusive that the *lien* is extinguished, it is not conclusive that the *tax liability*

is extinguished."  *Id.* at *3 (emphasis in original).  The Tax Court further stated:

> The plain language of section 6325(f)(1)(A) and of the RFTL itself
> clearly shows that the release extinguishes the tax lien, not the tax
> liability.  *Baker v. Commissioner, supra*; *Miller v. Commissioner,
> supra*.  The underlying tax liability is not extinguished when a lien is
> released.  The underlying tax liability remains until the tax is paid in
> full or the statutory period for collection expires.  Sec. 301.6325-
> 1(a)(1), Proced. & Admin. Regs.  Because the tax was not paid in
> full, nor did the statutory period for collection expire, petitioner's
> 1986 and 1987 tax liabilities were not extinguished.

*Id.*[2]

A number of courts have analyzed this issue similarly.  *See, e.g.*, *Comm'r of Internal

Revenue v. Angier Corp.*, 50 F.2d 887, 892 (1st Cir. 1931) ("While this section makes the certificate

conclusive that the lien is extinguished, it does not make the recital that the tax has been paid

---

[2] Appellant argues that *Boyer* is factually distinguishable from the instant case because the Boyers entered into a payment plan with the IRS, whereas appellant did not.  Whether the Boyers had a payment plan with the IRS is irrelevant to determining the effect of a RFTL.

conclusive[.]")[3]; *Baker v. Comm'r of Internal Revenue*, 24 T.C. 1021, 1025 (1955) (holding that the

discharge of lien did not "preclude [the IRS] from determining additional taxes and penalties"

because the effect "is to extinguish the tax lien and not the tax liability, and that reliance upon the

extinguishment of a lien could not result in an estoppel against the Government")[4]; *Miller v. Comm'r*

*of Internal Revenue*, 23 T.C. 565, 569 (1954) ("A mere reading of that statute [§ 3675] makes it clear

that the certificate is conclusive that the lien is extinguished.  It is not conclusive that the tax liability

has been paid."); *Foulds v. Comm'r of Internal Revenue*, 56 T.C.M. (CCH) 1112 (T.C. 1989)

---

[3] Appellant argues that *Angier Corp.* is inapplicable because it did not interpret the statute at issue in the present case.  Instead, the applicable statute in *Angier Corp.* was § 613(d) of the Internal Revenue Code of 1928, which provided:

> (d) A certificate of release of partial discharge issued under this section shall be held conclusive that the lien upon the property covered by the certificate is extinguished.

The language of § 613(d) – "[a] certificate of release of partial discharge . . . shall be held conclusive that the lien upon the property covered by the certificate is extinguished" – is substantially similar to the current language in § 6325(f) ("such certificate shall be conclusive that the lien referred to in such certificate is extinguished").  The holding in *Angier Corp.* is therefore relevant and instructive in this appeal.

[4] Appellant similarly argues that *Baker* is inapplicable because it did not interpret the same statute at issue in this appeal.  Instead, the applicable statute in *Baker* was § 3675 of the Internal Revenue Code of 1939, which provided:

> SEC. 3675.  EFFECT OF CERTIFICATES OF RELEASE OR PARTIAL DISCHARGE
>
> A certificate of release or of partial discharge issued under this subchapter shall be held conclusive that the lien upon the property covered by the certificate is extinguished.

Again, the language of § 3675 – "[a] certificate of release . . . shall be held conclusive that the lien upon the property covered by the certificate is extinguished" – is substantially similar to the current language in § 6325(f) ("such certificate shall be conclusive that the lien referred to in such certificate is extinguished").  The holding in *Baker* is therefore relevant and instructive in this appeal.

("Section 6325 and the lien release itself clearly show that the effect of the statute and release is to extinguish the tax lien and not the tax liability."); *Urwyler v. United States*, No. CIV.F-93-5181, 1996 WL 87001, at *2 (E.D. Cal. Jan. 3, 1996) ("While section 6325 conclusively establishes that the certificate extinguishes the lien, it does not conclusively establish that the tax has been paid."); *United States v. Smith*, No. CV10-2358, 2012 WL 2317770, at *8 (D. Ariz. June 18, 2012) ("The Court agrees that a lien release is not conclusive evidence that a tax liability has been paid . . . ."); *United States v. DeTar*, No. 1:04-CV-749, 2009 WL 2252822, at *3 (W.D. Mich. July 28, 2009) ("Section 6325 provides that releases are conclusive with respect to release of the liens, but it does not indicate that the releases are conclusive with respect to satisfaction of the underlying tax liabilities.")[5]; *United States v. Qurashi*, No. 8:03-CV-1002, 2004 WL 1771071, at *1 (M.D. Fla. June 16, 2004) ("[T]he RFTL extinguished only the lien, as opposed to the underlying tax liability.").[6]

---

[5] Appellant argues that the present case is distinguishable from *Smith* and *DeTar*. He argues that his case is different from *Smith* because "Mr. Smith claimed that the assessment by the government for each tax year was erroneous[], while [appellant] took the government's assessment at face value," and that it is different from *DeTar* because the RFTL in *DeTar* represented a judgment lien, not a statutory lien. Appellant's Br. at 16. Appellant does not explain how these factual differences change the legal analysis in determining the effect of a RFTL.

[6] Appellant also argues that *Qurashi* is inapplicable because the case was decided on a motion to dismiss. The procedural posture does not change the analysis that the *Qurashi* court undertook to determine that a RFTL extinguishes only the tax lien, not the underlying tax liability:

> Defendants argue that a Certificate of Release of Federal Tax Lien (RFTL) extinguished the underlying tax liability and therefore precludes Plaintiff from foreclosing the lien. (Dkt.17). Defendants' argument fails in light of the plain language of § 325 of the Internal Revenue Code. Title 26 U.S.C. § 6325(f)(1)(A) (Internal Revenue Code) provides that a "certificate [of release of a federal tax lien] shall be conclusive that the lien referred to in such certificate is extinguished." Accordingly, the RFTL extinguished only the lien, as

In an effort to convince the Court to disregard the plain meaning of § 6325(f) and the extensive case law cited above, appellant cites to a number of IRS publications and memoranda as support for his position that a RFTL extinguishes both the tax lien and the underlying tax liability. Appellant cites to IRS Publication 1450 (Rev. 1-2016), "Instructions for Requesting a Certificate of Release of Federal Tax Lien," which states that:

> Section 6325(a) of the Internal Revenue Code directs us to release a Federal tax lien within 30 days of when the liability is fully paid or becomes legally unenforceable . . . .  When all the liabilities shown on the Notice of Federal Tax Lien are satisfied, we will issue a Certificate of Release of Federal Tax Lien . . . .

This IRS Publication states nothing different than what is already in the plain text of § 6325(a).  But to the extent that appellant relies on any discrepancy, if it exists, between this Publication and § 6325(a), "[a]dministrative guidance contained in IRS publications is not binding on the Government, nor can it change the plain meaning of tax statutes." *Miller v. Comm'r of Internal Revenue*, 114 T.C. 184, 195 (2004) (citing *Johnson v. Comm'r*, 620 F.2d 153 (7th Cir. 1980)).[7]

---

opposed to the underlying tax liability. *E.g. Angier Corp. v. Commr. of Internal Revenue*, 50 F.2d 887, 891–92 (1st Cir.1931); *Boyer v. Commr. of Internal Revenue*, 2003 WL 22725293, 86 T.C.M. (CCH) 615 (2003); *see Miller v. Commr. of Internal Revenue*, 231 F.2d 8, 9 (5th Cir.1956); *Baker v. Commr. of Internal Revenue*, 24 T.C. 1021, 1024, 1955 WL 647 (1955). The RFTL does not, therefore, preclude this action, as the underlying tax liability has not been satisfied.

*Id.* at *1.

[7] The same is true of appellant's citation to Internal Revenue Manual ("IRM") 5.12.3.3 ("IRC § 6325(a) requires the issuance of a release of federal tax lien within thirty . . . days of the date on which: [1.] The liability is satisfied; [2.] The liability becomes legally unenforceable; or [3.] A bond is accepted."); IRM 5.12.3.3.1 ("Modules may be satisfied by payment or by adjustment/abatement to the taxpayer's account."); and IRM 5.12.3.4 ("Issue a certificate of release only after all modules covered by the NFTL meet the criteria for release.").  These IRM provisions do not depart from the plain text of § 6325(a).  But to the extent that appellant relies on any

Appellant also cites to IRS Program Manager Technical Advice ("PMTA") 2008-01650, which states: "[t]he release of the federal tax lien extinguishes the underlying assessment lien *and underlying tax liability*. The certificate of release of lien is 'conclusive that the lien referred to in such certificate is extinguished." *Id.* (emphasis added). The Court cannot consider this PMTA, as the document states that it "may not be used or cited as precedent" pursuant to 26 U.S.C. § 6110(k)(3).[8] Similarly, the Court cannot consider two Chief Counsel Advice ("CCA") memoranda cited by appellant, as both CCAs state that, pursuant to § 6110(k)(3), the documents should not be cited as precedent.

**V. Conclusion**

For the aforementioned reasons, the Court concludes that the plain language of 26

_____

discrepancy, if it exists, between these IRM provisions and § 6325(a), "the IRM is not a source of rights enforceable by taxpayers." *Brombach v. Comm'r of Internal Revenue*, 2012 WL 4009431, at *10, 104 T.C.M. (CCH) 307 (T.C. 2012); *see also Vallone v. Comm'r*, 88 T.C. 794, 807 (1987) ("I.R.M. requirements are necessarily merely directory and not mandatory and noncompliance does not render the action of the . . . [IRS] invalid.").

[8] Section 6110(k)(3) states: "[A] written determination may not be used or cited as precedent." A "written determination" means "a ruling, determination letter, technical advice memorandum, or Chief Counsel advice." 26 U.S.C. § 6110(b)(1)(A).

U.S.C. § 6325(f)(1)(A) and of the RFTL itself clearly shows that the release extinguishes the tax lien, not the tax liability. Accordingly, the Court affirms the Bankruptcy Court's March 30, 2016, Memorandum Opinion and Order overruling the debtor's objection to the Internal Revenue Service's proof of claim.

S/ Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION

Dated: September 2, 2016
     Detroit, Michigan